**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4860**

———————

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 versus

ANTWAINE LAMAR MCCOY,

 Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:03-cr-00064)

———————

Submitted: April 18, 2007    Decided: May 15, 2007

———————

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Claire J. Rauscher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwaine L. McCoy pled guilty to one count of possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841 (2000), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 262 months' imprisonment. On appeal, McCoy's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but questioning whether McCoy's trial counsel was ineffective in failing to object to McCoy's armed career criminal and career offender classifications because his prior convictions were unconstitutional double jeopardy. Counsel argues McCoy's prior convictions amounted to double jeopardy because McCoy had already been penalized when North Carolina assessed a controlled substance tax against him for the drugs involved. McCoy has filed a pro se supplemental brief reasserting the issue raised by counsel. After a thorough review of the record, we affirm the conviction and sentence.

An allegation of ineffective assistance of counsel should not proceed on direct appeal unless it appears conclusively from the record that counsel's performance was ineffective. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We find that it does not appear conclusively from the record that McCoy received ineffective assistance of counsel. The documentation

proffered by McCoy of North Carolina's controlled substance tax assessments against him does not pertain to the prior convictions used to classify McCoy as an armed career criminal and career offender. Thus, McCoy fails to establish his counsel was ineffective for failing to object on those grounds, and his ineffective assistance of counsel claim is not cognizable on direct appeal.

As required by <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. Therefore, finding no error, we affirm the judgment of the district court. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>